COUNTY OF SCHOOLCRAFT *v.* MANISTIQUE BANK.

DEPOSITARIES—SURETIES—COUNTIES—DEPOSITORS' AGREEMENT.

Sureties on bond of depository for county funds, who procured county's signature to depositors' agreement whereby county would receive a portion of its account in the course of a five-year period and balance upon liquidation of questionable assets by agreeing that the signing of the depositors' agreement would not release their obligation except as provided in their separate agreement with the county whereby they agreed to pay a certain sum monthly for certain months, which sums were to be applied in reduction of liability on depository bond, were not released from liability by performance of the depositors' agreement where that left a sum owing to the county as the separate agreement was not a mere guarantee that the depositors' agreement would be fulfilled.

Appeal from Schoolcraft; Runnels (Herbert W.), J.  Submitted June 11, 1940.  (Docket No. 45, Calendar No. 41,127.)  Decided October 7, 1940.

Assumpsit by County of Schoolcraft, a municipal corporation, against Manistique Bank and its sureties for sums due on a depository bond.  Dismissed as to defendant bank.  From judgment for plaintiff against defendant sureties, they appeal. Affirmed.

*William J. Sheahan* (*Glenn W. Jackson,* of counsel), for plaintiff.

*J. Joseph Herbert* and *James C. Wood,* for defendants.

Bushnell, C. J.  This is an action brought against the individual sureties on a depository bond and the defendant bank, dismissal having been entered as to the bank and judgment entered against the individual defendants in the sum of $27,660.  On April 13, 1932, the Manistique Bank closed its doors, having on deposit at that time county funds in the sum of $64,385.36.  The individual defendants, who were directors and stockholders of the bank, had signed a depository bond in the sum of $40,000.  For the purpose of effecting a reorganization of the bank, a depositors' agreement was drawn by which each depositor would receive 60 per cent. of his deposit over a five-year period, and the remaining 40 per cent. would be allocated to a trust fund for the purpose of liquidating any assets which might be considered questionable or undesirable, and the proceeds of which would be distributed at the end of the liquidation period.

It was necessary to secure the county's consent to this agreement, it being one of the large de-

positors. On May 9, 1932, the board of supervisors, by resolution, authorized the county treasurer to sign the agreement on behalf of the county. The resolution contains the following recitals:

"Whereas, the sureties on the depository bond of said bank have requested this board to authorize such signature and have agreed that such signing shall in no way release the said sureties upon said depository bond, and

"Whereas, said sureties have also agreed that if and when the reorganization of said bank becomes effective they will make available to the county the sum of $5,000 each month, beginning with June, 1932, and running through the month of October, 1932, and will pay the interest on such loans as the board may make, not to exceed the amount of the deposit in said bank, any sum paid by said sureties, either on principal or interest, exclusive of what is paid by the said bank, shall apply on the penal sum of said depository bond, and reduce the sureties' liability to that extent."

On the following day the sureties entered into an agreement with the county in which the resolution of the board of supervisors was recited in full, and the sureties agreed "that the signing of said depositors' agreement by the treasurer of said county on its behalf shall in nowise release the sureties from any of their obligations under the said depository bond, except as herein provided."

The depositors' agreement was performed by the bank, and when liquidation was completed there remained unpaid on the county's deposit the sum of $25,710.36.

Suit was brought on the depository bond and the individual defendants moved to dismiss on the ground that their obligation on the original bond had been modified by the agreement of May 10, 1932,

that their present obligation amounted to no more than a guarantee that the bank would perform the depositors' agreement, and that the latter agreement had been performed. The question presented is the meaning of the phrase, "except as herein provided," found in the sureties' agreement.

Prior to the signing of the depositors' agreement, the county could have recovered a judgment from the sureties on the bond. Defendants do not contend that they are released under any of the technical rules of suretyship law, but rather on the ground that their subsequent agreement has been performed.

In addition to the language heretofore quoted, the sureties' agreement states:

"That if and when the reorganization of said bank shall become effective, the sureties will make available to the county the sum of $5,000 each month, beginning in the month of June, 1932, and running through the month of October, 1932.

"That the sureties will pay the interest on such loans as the board of supervisors of the county may make, provided such loans shall not exceed the amount of deposit of the county in said bank, provided further, however, and it is a condition of this agreement that any sums paid by said sureties, either on principal or interest, exclusive of any sums paid by the said bank, shall be applied to and credited on the penal sum of said depository bond and shall reduce the liability of the sureties to such extent."

The clause, "except as herein provided," must be treated as a reference to the provision that the liability of the sureties shall be reduced by any sums paid by them either on principal or interest, exclusive of any sums paid by the bank. The obligation of the sureties under the bond was not modified.

The trial court did not err in holding the sureties liable on their bond, and the judgment is affirmed, with costs to appellees.

SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.